IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| John L Penza, ) | Case No. 8:14-cv-01265-JFA-JDA |
| ) | |
| Plaintiff, ) | **REPORT AND RECOMMENDATION** |
| ) | **OF MAGISTRATE JUDGE** |
| v. ) | |
| ) | |
| Quintressa Mungo, Matthew Harper, ) | |
| Warden Larry Cartledge, South Carolina ) | |
| Department of Corrections ) | |
| ) | |
| Defendants. ) | |

This matter is before the Court on a motion to remand filed by Plaintiff. [Doc. 12.] Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial matters in cases filed under Title 42, United States Code, Section 1983, and to submit findings and recommendations to the District Court.

On or about January 29, 2014, Plaintiff, proceeding pro se, filed this action against Defendants South Carolina Department of Corrections ("SCDC")[1], Warden Larry Cartledge ("Warden"), Quintressa Mungo ("Mungo"), and Matthew Harper ("Harper")(collectively, "Defendants") in the Court of Common Pleas for Greenville County, South Carolina. [Doc. 1-1 at 3–6.] On April 7, 2014, Defendants removed the action to this Court, alleging that Plaintiff was asserting federal constitutional claims under 42 U.S.C. § 1983, and on April 21, 2014, Defendants filed an answer to the Complaint. [Docs. 1, 10.]

---

[1] Plaintiff named SCDC in his complaint as a Defendant but failed to include SCDC in the caption. [*See* Doc 1-1.] Subsequently, Plaintiff moved to amend/correct the Complaint on April 24, 2014 to add SCDC as a Defendant. [Doc. 12.]

On April 24, 2014, Plaintiff filed a motion to amend his Complaint and to remand the matter back to state court, contending he did not want to bring federal constitutional claims in his Complaint, but wanted to raise only "state constitutional claims of negligence and gross negligence for the state court to decide." [Doc. 12.] The Court granted Plaintiff's motion to amend on May 5, 2014 [Doc. 17], and directed Defendants to respond to Plaintiff's motion to remand the Amended Complaint. Defendants filed a response to Plaintiff's motion on May 9, 2014, indicating that because the Amended Complaint "includes no causes of action that raise a federal question, the Defendants agree that remanding the case to state court is appropriate." [Doc. 20.] The motion is now ripe for review.

## BACKGROUND

Plaintiff alleges he is entitled to relief against the Defendants in both their official and personal capacities for gross negligence, for violating his rights against cruel and unusual punishment, and for failing to adhere to the laws governing due process as contained in the South Carolina Constitution. [Doc. 18 at 1.] Specifically, Plaintiff contends that Defendant Mungo placed him in full restraints and then extracted three large tubes of Plaintiff's blood without the benefit of a court order, medical order, or a DNA requirement. [*Id*.] Plaintiff argues that the taking of his blood was "an assault with a high and aggr[a]vated nature." [*Id*. at 2.] Plaintiff further contends that Defendant Harper "knowingly and willingly attempt[ed] to hide the act committed by the Defendant [Mungo] and that Defendant Mungo was actually supposed to draw blood from a different inmate, which she later did. [*Id*.] Plaintiff agues that Defendant Warden's actions in response to Plaintiff's

2

grievance constituted gross negligence in that he responded "in a manner that is completely incorrect, untrue and totally unfounded." [*Id*.]

## APPLICABLE LAW

**Liberal Construction of Pro Se Complaint**

Plaintiff brought this action pro se, which requires the Court to liberally construe his pleadings. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir. 1978); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Pro se pleadings are held to a less stringent standard than those drafted by attorneys. *Haines*, 404 U.S. at 520. Even under this less stringent standard, however, the pro se complaint is still subject to summary dismissal. *Id.* at 520–21. The mandated liberal construction means only that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999). A court may not construct the plaintiff's legal arguments for him. *Small v. Endicott*, 998 F.2d 411, 417–18 (7th Cir. 1993). Nor should a court "conjure up questions never squarely presented." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

**Requirements for a Cause of Action Under § 1983**

Section 1983 provides a private cause of action for plaintiffs alleging constitutional violations by persons acting under color of state law. Section 1983 provides, in relevant part,

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or any person within the jurisdiction thereof to the deprivation of any

> rights, privileges, or immunities secured by the Constitution
> and laws, shall be liable to the party injured in an action at law,
> suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. To establish a claim under § 1983, a plaintiff must prove two elements: (1) that the defendant "deprived [him] of a right secured by the Constitution and laws of the United States" and (2) that the defendant "deprived [him] of this constitutional right under color of [State] statute, ordinance, regulation, custom, or usage." *Mentavlos v. Anderson*, 249 F.3d 301, 310 (4th Cir. 2001) (citation and internal quotation marks omitted).

### Motion to Remand Standard

A defendant may remove to federal district court any civil action brought in a state court of which the district courts of the United States have original jurisdiction. 28 U.S.C. § 1441(a). Further, "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367(a). The district court may decline to exercise supplemental jurisdiction over a claim if it "raises a novel or complex issue of State law"; if it "substantially predominates over the claim or claims over which the district court has original jurisdiction"; if "the district court has dismissed all claims over which it has original jurisdiction"; or "in exceptional circumstances, [where] there are other compelling reasons for declining jurisdiction." 28 U.S.C. § 1367(c).

## **DISCUSSION**

As an initial matter, Plaintiff and Defendants agree that the Amended Complaint should be remanded. Upon consideration, the Court agrees that remand is appropriate.

Federal district courts have original jurisdiction over two types of cases, generally referred to as federal question cases and diversity cases.[2]  Federal question cases are "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Here, Plaintiff raises claims of negligence, gross negligence, cruel and unusual punishment, and lack of due process as arising under the South Carolina Constitution. Importantly, Plaintiff expressly denies raising any claims under the federal law or involving a federal question and Defendants agree that Plaintiff's claims are now limited to state law relief.  [*See* Doc. 12, 18.]  Because "a plaintiff is the master of his claim and may avoid federal jurisdiction by relying exclusively on state law," *Cook v. Georgetown Steel Corp*., 770 F.2d 1272, 1275 (4th Cir.1985)(*citing Caterpillar, Inc. v. Williams*, 482 U.S. 386, 399 (1987), the Court finds that remand is appropriate in this matter as the Plaintiff relies solely on state law.

## CONCLUSION AND RECOMMENDATION

Wherefore, based upon the foregoing, the Court recommends Plaintiff's motion to remand be GRANTED.  If the recommendation is adopted by the district judge, it is also recommended that the pending motion for default judgment [Doc. 14] be denied as moot.

IT IS SO RECOMMENDED.

s/Jacquelyn D. Austin
United States Magistrate Judge

May 13, 2014
Greenville, South Carolina

---

[2] As previously stated, neither party alleges diversity jurisdiction in this case.  Accordingly, the Court will not address diversity jurisdiction.